BABLER, Appellant, v. ROELLI, Respondent.

*No. 260. Argued June 4, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 694.)

For the appellant there was a brief by *Viney & Schmitz* of Monroe, attorneys, and *Jasper, Winner, Perina & Rouse* and *John H. Rouse,* all of Madison, of counsel, and oral argument by *William J. Schmitz.*

For the respondent there was a brief and oral argument by *Ervin W. Johnson* of Darlington.

HEFFERNAN, J. The appellant does not contend on this appeal that the facts are sufficient to prove a conventional contract. Rather, he relies on the same facts to prove a cause of action in promissory estoppel.

At the very outset we are confronted with the question of whether the question of promissory estoppel is properly before us. A perusal of the complaint indicates, without a doubt, that all that was pleaded was express contract. A verbatim reading of the transcript makes it clear that the case was not tried on a theory of promissory estoppel. The trial judge expressed his findings in contract terms, and it was entirely proper that he did so, for there was no attempt in the pleadings or in the proof at trial to spell out the three conditions that give rise to a cause of action for promissory estoppel.

In *Hoffman v. Red Owl Stores, Inc.* (1965), 26 Wis. 2d 683, 698, 133 N. W. 2d 267, we said that three conditions must be established to permit a recovery on a theory of promissory estoppel:

"(1) Was the promise one which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee?

"(2) Did the promise induce such action or forbearance?

"(3) Can injustice be avoided only by enforcement of the promise?"

Rather than alleging or attempting to prove these conditions, the plaintiff pleaded and tried a case that sounded solely in contract, with the result, clearly supported by the evidence, that no contract was proved.

In *Winnebago Homes, Inc. v. Sheldon* (1966), 29 Wis. 2d 692, 700, 701, 139 N. W. 2d 606, we made it clear that the failure to plead a cause of action for promissory estoppel in the trial court precludes the plaintiff, as a matter of right, from raising the question for the first time on appeal. However, in the instant case, the facts which plaintiff relies upon to support this new cause of action are of record, and the defendant-respondent has been able to defend upon the basis of the facts as found by the trial court. Under these circumstances, where the

consideration of promissory estoppel for the first time on appeal does not result in hardship or inequity to either party, we will proceed upon the basis of the facts found by the trial court to dispose of the plaintiff's contention upon the merits.

It is essentially the plaintiff's claim, in reliance upon the promise of Roelli that he would haul all the milk for Dean's, that within a day or two he contacted all of his producers and urged them to sell to Dean's if Bowman's, in fact, closed. Babler also claims that, by virtue of the promises made, he refrained from making timely arrangements to substitute the market at Pearl City for the Bowman plant at Monroe.

Were the facts as Babler would like us to believe they are, it perhaps could be said that Roelli made a promise that he should reasonably have expected would induce action or forbearance of a definite or substantial character on the part of Babler. However, the facts show no such promise. Roelli stated that he made no promise, and all was contingent upon the action of the Dean management.

The trial judge also found that, at the time of the alleged promise, it was not yet definite that Bowman's was closing down, nor could it be determined that a P. S. C. hauling permit would be granted to Babler for the new haul. The most significant finding, however, is that any agreement would have to be approved by a Dean representative. There was evidence, ample in the record, that Babler knew that Roelli's authority was extremely limited.

We cannot conclude that Roelli's statements at the meeting of February 15th constituted a promise of any kind. And if they could be so characterized, the underlying facts would have made it not reasonable, but most unlikely and unreasonable, to expect that Babler would respond with action of a definite and substantial nature —and, of course, all that Babler really has alleged and proved is that, within the next two days, he or his son

visited all of the milk producers and asked them to sell to Dean's. The action of Babler was at the most premature, for he had no contract he could assign to Dean's. The evidence was clear that each farmer was his own master and could switch his hauler or his market without notice. Under these circumstances, it does not appear that Babler's performance was, in fact, of particular significance. He did not control the milk producers, and there are only a very few that even the plaintiff contends agreed to shift to Dean's at his request.

The language used in *Winnebago Homes, Inc., supra,* page 701, is appropriate here. There, a builder claimed that it had been induced to complete the construction of a building by a promise of the finance agency to pay the balance of construction costs upon completion of the building. We said:

". . . we are . . . of the opinion that this contention would fail on its merits. This is because the so-called promise on the part of the lender may not fairly be construed to constitute an unqualified promise to pay upon completion. We believe it is clear that the payment by Advance Mortgage was necessarily conditioned both upon the Sheldons' authorizing it and also the lender's obtaining FHA insurance on the loan. . . .
"The construction company either knew or should have known that the disbursement of the funds by the lender was conditioned upon the FHA's insuring this loan."

Here, Babler knew or should have known that any promise, if one was made by Roelli, was conditioned upon the approval of Dean's. Babler knew it was not a promise that could reasonably be made by Roelli.

While the evidence is conflicting and Babler testified that he believed Roelli had authority to bind Dean's in this respect, the trial court found that Babler knew or should have known that Roelli had no such authority. Given the conflicting evidence, the trial court's finding must stand, and under *Winnebago Homes, Inc., supra,* plaintiff is precluded from asserting recovery on the theory of promissory estoppel.

The present case is unlike *Hoffman, supra,* where the jury found that Hoffman, in the exercise of ordinary care, had a right to rely on promises made by the agent for Red Owl. In the present case, the trial judge made a contrary finding on the disputed evidence. The weight of the testimony and the credibility of the witnesses are a matter for the trier of fact and are not to be disturbed if more than one reasonable inference can be drawn from the credible evidence. *Hanz Trucking, Inc. v. Harris Brothers Co.* (1965), 29 Wis. 2d 254, 138 N. W. 2d 238.

The trial court must be affirmed.

*By the Court.*—Judgment affirmed.