MILBAUER, Appellant, v. TRANSPORT EMPLOYES' MUTUAL BENEFIT SOCIETY, Respondent.

*No. 192. Submitted November 30, 1972.—Decided January 15, 1973.*
(Also reported in 203 N. W. 2d 135.)

For the appellant the cause was submitted on the briefs of *Kraemer, Binzak & Sylvan* of Menomonee Falls.

For the respondent the cause was submitted on the brief of *Kivett & Kasdorf,* attorneys, and *Kenton E. Kilmer* of counsel, all of Milwaukee.

CONNOR T. HANSEN, J.   The dispositive issue on this appeal is whether the trial court's findings of fact that Milbauer died a natural death is contrary to the great weight and clear preponderance of the evidence.

Plaintiff maintains that she submitted sufficient prima facie evidence to establish that the trauma sustained by her husband was a substantial factor in his demise. Although this may be true, it does not command a reversal. This court has often held that the findings of a trial court without a jury will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence; that it is not necessary that the evidence in support of the findings constitute the great weight or clear preponderance, nor is it sufficient that there is evidence to support a contrary finding; and that to command reversal, the contrary evidence must constitute the great weight and clear preponderance of

the evidence. *Navine v. Peltier* (1970), 48 Wis. 2d 588, 596, 180 N. W. 2d 613. Applying the great-weight-and-clear-preponderance test, this court must consider the evidence as a whole. This requires that the evidence on each side be weighed and probabilities arrayed against probabilities at least sufficiently to determine whether those on the appellant's (plaintiff's) side so manifestly outweigh those supporting the finding as to meet the great weight and clear preponderance necessary to disapprove the finding complained of. *Druml Co. v. Capitol Machinery Sales & Service Co.* (1965), 29 Wis. 2d 95, 98, 138 N. W. 2d 144.

An autopsy was performed which, among other things, revealed that the deceased had sustained a three-inch linear skull fracture.

Plaintiff submitted proof tending to show that death was the result of pressure changes on the vegetative centers caused by a skull fracture and the cerebral contusions and lacerations associated with the fracture. Plaintiff attributed the skull fracture to an accidental external trauma.

Transport submitted proof tending to show that the primary cause of death was the development of an intracerebral left hemisphere hemorrhage related to hypertension and arteriosclerosis; that such was a spontaneous process as distinguished from a process provoked by some external factor; and that the fatal process was in progress without the influence of the skull fracture.

Milbauer was a bus driver who worked the 5:30 p. m. to 1 a. m. shift. On the afternoon of March 25, 1969, the weather was inclement; it had been snowing and sleeting. Plaintiff arrived home about 5:30 p. m. and found the sidewalk partially shoveled. Upon entering the house, she found her husband lying on the bed fully clothed for work. During the course of the early evening he was partially ambulatory although uncommunicative.

About 9:30 p. m., their daughter came home and realized something was wrong with her father. Milbauer was taken to St. Michael's Hospital. Those hospital records indicate that he was breathing stertorously, was cooperative, but completely aphasic and drooled. No bed was available at St. Michael's so he was transferred to County General Hospital. He remained at County General Hospital until March 29, 1969, when he expired. During the entire time in the hospital, he was comatose and at no time between March 25, 1969, and his death was he able to talk to the plaintiff.

Dr. Lawrence J. Clowry, a pathologist, performed the autopsy. A more precise examination of the brain tissue was done by a neuropathologist. Dr. Clowry testified on behalf of the plaintiff. Dr. Norbert Enzer, also a pathologist, testified on behalf of Transport. He did not participate in the autopsy. Both Clowry and Enzer were qualified as expert medical witnesses.

The parties in the instant case stipulated that all the medical records of the deceased be received in evidence. These reflected an extensive history of hypertension including the autopsy's indication of an enlarged heart and advanced atherosclerotic degeneration in the arterial system at the base of the brain. The facts stated in the record are not in dispute, and both parties relied upon the records in substantiating their conflicting opinions.

Dr. Clowry testified that it was his opinion that the skull fracture, which was attributable to an external trauma, was the direct cause of death. However, on cross-examination he conceded that some of the findings in the autopsy report were compatible with a cerebrovascular accident (stroke) and that the deceased could have suffered a cerebrovascular accident, fallen, and then fractured his skull. He indicated that they were mutually exclusive, and that he could not determine to a reasonable degree of medical probability which came first. He stated he preferred the explanation of the trauma.

The essence of the testimony of Dr. Enzer was that it was his opinion that the primary cause of death was the development of an intracerebral left hemisphere hemorrhage related to hypertension and arteriosclerosis. That such was a spontaneous process as distinguished from a process provoked by some external factor. He further testified that there were no findings within the skull not compatible with his conclusion and that the fatal process was in progress without the influence of the fracture of the skull.

Following the trial, the court, after a careful review of the testimony and exhibits, determined to a reasonable certainty that by the greater weight of credible evidence death was not caused by the skull fracture. The trial court further found that death was due to a spontaneous intracerebral hemorrhage due to vascular pathology.

Plaintiff challenges the reasoning of Transport's expert and argues that the evidence has more than one reasonable inference. This court has often stated that the weight of testimony and the credibility of witnesses are primarily for the trial court and where more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the one drawn by the trier of fact. *Hanz Trucking, Inc. v. Harris Brothers Co.* (1965), 29 Wis. 2d 254, 262, 138 N. W. 2d 238. In *Ruby v. Farmers Mut. Automobile Ins. Co.* (1956), 274 Wis. 158, 167, 79 N. W. 2d 644, this court held:

"The weight of the evidence and the veracity of witnesses and the drawing of all reasonable inferences from the evidence are matters for the trier of the fact. . . ."

Plaintiff contends that the opinion of Transport's expert, drawn from the medical records, is not credible evidence, in that the expert was not testifying from any personal knowledge of the deceased's injuries.

This court has held that a physician could base his opinion upon undisputed testimony given in the trial

which was heard by him or which was read to him. *Tendrup v. State* (1927), 193 Wis. 482, 214 N. W. 356; *Duthey v. State* (1907), 131 Wis. 178, 111 N. W. 222.

Qualified expert witnesses are not confined in their testimony to facts which are within their own personal knowledge; they may state opinions which are based on assumed facts. Such an opinion may be elicited in the form of a hypothetical question which for the purposes of the trial assumes a state of facts which has been shown by the evidence,[1] or where, as in the instant case, there is no conflict as to the natural facts, the question need not be in hypothetical form.[2]

This court has consistently followed the rationale that an expert may give an opinion when that opinion is based upon facts that are either undisputed or within his firsthand knowledge. *Rabata v. Dohner* (1969), 45 Wis. 2d 111, 172 N. W. 2d 409.

An opinion of an expert medical witness as to the cause of death, disease, or physical condition, may be based upon both evidence which he has heard and evidence which he has read assuming that it is in each instance properly in the record, and assuming it to be true.[3]

Transport's expert could properly rely upon the facts contained within the reports and testify as to his opinion therefrom. *Chapnitsky v. McClone* (1963), 20 Wis. 2d 453, 461, 122 N. W. 2d 400.

Plaintiff inappropriately cites the "best-evidence rule."[4] There is no dispute as to the contents of the medical reports. The dispute arises solely as to the conclusions to be drawn from the facts stated therein.

[1] 2 Jones, *Evidence* (5th ed.), p. 781, sec. 415.

[2] *Id.* at page 791, sec. 419.

[3] Annot. (1959), *Opinion Evidence—Disease or Injury,* 66 A. L. R. 2d 1082, 1097, sec. 5 (b); *McKeon v. Chicago, M., & St. P. Ry. Co.* (1896), 94 Wis. 477, 69 N. W. 175.

[4] The writing itself is the "best evidence" of its contents. *Mack Trucks, Inc. v. Sunde* (1963), 19 Wis. 2d 129, 119 N. W. 2d 321; *Kubiak v. General Accident Fire & Life Assur. Corp.* (1962), 15 Wis. 2d 344, 113 N. W. 2d 46.

Plaintiff argues that Dr. Enzer's opinions are based on unsubstantiated facts or the opinion of others. An opinion of an expert medical witness is acceptable only if facts assumed are proven to a reasonable degree of certainty. Unless all facts upon which the medical witness based his conclusion are supported by adequate evidence, the conclusion itself must fall. *McGaw v. Wassmann* (1953), 263 Wis. 486, 57 N. W. 2d 920, 58 N. W. 2d 663. After a careful review of the record, it cannot be said that Dr. Enzer's opinion was based upon anything but the adequate and substantiated evidence at trial.

Plaintiff insists that Dr. Clowry's conclusions, drawn from his own autopsy report, are not rebuttable. The uninitiated in the art of medicine tend to look upon the results of clinical tests, interpretation of X rays, or such other tests to be unassailable facts. This is not always true.[5] In effect, the plaintiff argues that her expert was the "best-qualified" expert. A party may offer conflicting evidence through other experts even if the other party's expert is well-qualified. *Peil v. Kohnke* (1971), 50 Wis. 2d 168, 182, 183, 184 N. W. 2d 433. The issue then becomes one of weight of testimony and credibility of witnesses, which is within the province of the trier of fact. *Babler v. Roelli* (1968), 39 Wis. 2d 566, 575, 159 N. W. 2d 694. Giving due consideration to the evidence as a whole, it cannot be said that the circuit court's findings are contrary to the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.

---

[5] Marvin C. Holz, *A Survey of Rules Governing Medical Proof in Wisconsin,* 1970 Wisconsin Law Review, 989, 1002.