GEHR, and wife, Appellants, v. CITY OF SHEBOYGAN, Respondent.

*No. 75–586. Submitted on briefs November 2, 1977.—
Decided November 30, 1977.*
(Also reported in 260 N.W.2d 30.)

For the appellants the cause was submitted on the briefs of *Rabinovitz & Sonnenburg* of Sheboygan.

For the respondent the cause was submitted on the brief of *Clarence H. Mertz,* city attorney.

CONNOR T. HANSEN, J. The contentions raised by the plaintiffs on this appeal concern the adequacy of a notice given by the city pursuant to sec. 66.05, Stats., for the razing of the building.

On July 17, 1970, the city executed a razing order pursuant to sec. 66.05(1), Stats., giving the Vasselos Realty Company and William J. Gehr, Jr., and Mary V. Gehr, the then owners of the building, thirty days to raze and remove the building, which was located in the City of Sheboygan. The order was served on Vasselos Realty Company. However, the Gehrs deny receiving service. The evidence adduced on the question of service is discussed in our consideration of the issues.

On August 11, 1970, the Gehrs, together with Vasselos Realty Co., commenced an action in Sheboygan county court against the City of Sheboygan, the Board of Appeals, and the city building inspector, seeking a permanent injunction against the proposed razing. Their complaint in the action for the injunction was supported by their sworn affidavit stating, among other things, that they had in fact been served with the razing order on July 17, 1970. They now allege that the statements in the complaint and affidavit regarding the notice of razing were incorrect. It also appears that a copy of the razing order was appended to their August 11, 1970, complaint.

On stipulation of the parties in the prior action, a temporary injunction was issued restraining the city from razing the building during the pendency of the action.

On December 22, 1970, shortly prior to the date set for trial of the action, the lawyer for the plaintiffs, Gehrs and Vasselos Realty Co., sent a letter to the court requesting an adjournment of the matter on a day-to-day basis. The letter stated that negotiations with the city attorney had taken place and that plans for renovation of the property were being submitted to the city for approval. According to the letter, the city attorney would draft an agreement in which the city would withdraw the razing order and give the plaintiffs one year in which to complete the renovation, and the plaintiffs would request dismissal of their suit for an injunction.

No such written agreement was ever executed or filed with the court, no dismissal of the suit was ever ordered, the order for razing the building was not withdrawn, and the temporary injunction during the pendency of the action remained of record. There was no further court action in the plaintiffs' suit for an injunction. However, sometime between December, 1970, and May, 1973,

in response to an inquiry from the clerk of court, counsel for the plaintiffs stated the case had been settled, and the clerk entered the notation "settled" in the court file.

Thereafter, Vasselos Realty conveyed its interest in the building to the Gehrs, who thus became the sole owners.

On May 1, 1973, the city executed a removal order pursuant to sec. 66.05(5), Stats., directing the Gehrs to remove any personal property and fixtures from the building within five days after receipt of the order. The order stated that the owners had failed to commence construction work as agreed and that the city intended to remove the building pursuant to the July 17, 1970, razing order. Mr. Gehr was served with copies of this order for himself and his wife, and he did remove personal property from the building. Mr. Gehr also called the building inspector and asked if he could raze the building himself. Mrs. Gehr contends that she was not properly served with the removal order.

On approximately May 15, 1973, the building was demolished by the city, and in December, 1973, the Gehrs commenced the instant action against the city. The case was heard by the court.

The principal argument advanced by the plaintiffs is that the evidence does not support the finding of the trial court that the plaintiffs were served with copies of the razing order of July 17, 1970.

To sustain this argument on appeal, the plaintiff must overcome the familiar rule that the findings of a trial court sitting without a jury will not be set aside on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Gimbels Midwest v. Northwestern Nat. Ins. Co.*, 72 Wis.2d 84, 95, 240 N.W.2d 140 (1976).

In addition, when the trial judge acts as the finder of fact, and where there is conflicting testimony, the trial judge is the ultimate arbiter of the credibility of the witnesses. *Posnansky v. City of West Allis,* 61 Wis.2d 461, 465, 213 N.W.2d 51 (1973). Further, when more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the inference drawn by the trier of fact. *Milbauer v. Transport Employes' Mut. Benefit Society,* 56 Wis.2d 860, 864, 203 N.W.2d 135 (1973); *Hanz Trucking, Inc. v. Harris Brothers Co.,* 29 Wis.2d 254, 138 N.W.2d 238 (1965).

The plaintiffs must therefore sustain a substantial burden if they are to prevail. Their argument is based on the fact that the city was unable to produce an affidavit of service on the Gehrs. The only affidavit produced at trial showed service on the Vasselos Realty Company only.

The rule in Wisconsin is that the fact of service itself, and not the form of the proof of service, is essential to a court's jurisdiction. *Home Bank v. Becker,* 48 Wis.2d 1, 6, 179 NW2d 855 (1970). Where no proper affidavit of service appears of record, the question remains whether other sufficient evidence has been adduced to show proper service. *See: Danielson v. Brody Seating Co.,* 71 Wis.2d 424, 428, 238 N.W.2d 531 (1976).

Our examination of the record leads us to conclude that there was more than sufficient evidence to support the finding and conclusion of the trial court that the Gehrs were served with the July, 1970, razing order. No useful purpose will be served by here reviewing all the evidence in detail.

We do, however, observe that the trial court quite properly placed considerable reliance on the fact that within

a month after the July, 1970, razing order was executed, the Gehrs executed an affidavit in support of the action which they and Vasselos Realty Company commenced against the city for injunctive relief. This affidavit, dated August 11, 1970, signed by both of the Gehrs, states in part:

"The plaintifffs herein were served with an order to raze said property on July 17, 1970, and such razing was to be done by the parties within 30 days or in the alternative by the City of Sheboygan and the City of Sheboygan would then charge the plaintiffs."

The verified complaint in the same action referred to "'. . . the Order to raze the building, dated and served July 17, 1970. . .' ," and a copy of the razing order was attached to the complaint as an exhibit. The complaint prayed for an injunction restraining the city from razing or destroying the plaintiffs' property. The Gehrs now assert these statements in the complaint and the affidavit are incorrect.

However, the trial court considered the affidavit as significant evidence that the Gehrs had in fact been served with the order. The trial court's decision pointed out that the complaint and affidavit were nearly contemporaneous with the alleged service, having been prepared less than thirty days later. There is no question that the Gehrs signed the affidavit. As the trial court properly observed in its decision, "[w]hy would the Gehrs start an action to prevent the city from carrying out an order they had never received? No explanation has been offered."

The trial court also found it significant that in 1973, the plaintiffs failed to protest the removal order which stated that the city intended to remove the building pursuant to the original razing order. From this conduct, the trial court concluded that the Gehrs had in fact received the order.

In our opinion the evidence is more than sufficient to support the findings of the trial court. The plaintiffs have failed to show that the determination of the trial court was contrary to the great weight and clear preponderance of the evidence.

In addition to the findings and conclusions of the trial court on the affirmative evidence of service a second argument was advanced by the city and considered by the trial court in its decision. The trial court determined that the plaintiffs were equitably estopped from contesting the service of the order. Since we affirm the trial court on the issue of affirmative evidence of service of the order, we do not discuss the issue of equitable estoppel.

The plaintifffs also argue that the razing order was defective for failure to specify the repairs necessary to restore the building to a sound condition, and for failure to set a time for such repairs. We have held that the affirmative evidence of service supports the conclusion that the Gehrs were served with the razing order. We therefore do not reach this contention because the plaintiffs are not in a position to challenge the razing order.

The statutes provide an exclusive remedy for persons affected by razing orders. Sec. 66.05(3), Stats., requires such persons to apply to the circuit court for a restraining order within thirty days after service of the razing order. This court has repeatedly held that a party who fails to pursue this remedy forfeits his right to a judicial hearing. *Gimbels Midwest v. Northwestern Nat. Ins. Co., supra,* 97; *Appleton v. Brunschweiler,* 52 Wis.2d 303, 190 N.W.2d 545 (1971); *Siskoy v. Walsh,* 22 Wis.2d 127, 129, 125 N.W.2d 574 (1963); *Fairfield v. Wolter,* 10 Wis.2d 521, 527, 103 N.W.2d 523 (1960); *Oosterwyk v. Milwaukee,* 7 Wis.2d 160, 165, 96 N.W.2d 372 (1959).

The instant action is not brought pursuant to sec. 66.05(3), Stats. The plaintiffs' 1970 action for injunctive relief, although commenced within the thirty day period, was brought in Sheboygan county court rather than the circuit court. Because they have failed to pursue the exclusive statutory remedy, plaintiffs are ". . . forever . . . barred" from challenging the order. Sec. 66.05(3).

The plaintiffs next argue that the razing order had effectively lapsed or expired prior to the time the building was razed. They further argue that the 1973 removal order was insufficient to reinstate the razing order because it was not properly served on Mrs. Gehr.

Plaintiffs seem to have two arguments. The first is that the order was withdrawn by the city. This argument rests entirely on the December 22, 1970, letter from the lawyer for the plaintiffs (the Gehrs and Vasselos Realty Co.) to the county judge stating: (1) That the city would withdraw the order and allow his clients one year to renovate the building; (2) that his clients would request dismissal of their injunctive suit; and (3) that the city attorney would prepare an agreement to that effect. Although, on the basis of a statement by plaintiffs' lawyer, the clerk of court entered the notation, "settled" in the case record, no agreement or stipulation was submitted to the court, no order of dismissal was prepared, and no response was received from the city attorney. The trial court correctly concluded that the unilateral statement of the plaintiffs' counsel to the clerk of court was insufficient to dismiss a pending case. There is no evidence, therefore, that the order was withdrawn by the city.

Plaintiffs' second argument is in the nature of an estoppel or laches theory. Apparently the argument is that the agreement reached between the parties, and the long delay between the original order and the

eventual razing, led the Gehrs to believe that the order had been withdrawn.

Whatever arrangement may have been reached with the city, it does not appear of record, except in the letter from Gehrs' former lawyer. Even that letter stated that a period of one year would be allowed for renovation, which supports the conclusion that the order was not permanently withdrawn, but simply suspended.

In addition, there is no evidence that the delay was prejudicial to the Gehrs. The razing was apparently delayed for their benefit, to provide them time to renovate the building.

Further, the evidence does not support the plaintiffs' implication that the razing order was suddenly and unexpectedly reactivated after years of dormancy. The record does not reveal what negotiations or discussions may have taken place during the intervening period. It does appear, however, that the one-year grace period was to run from the time a building permit was issued. It was alleged in the city's answer in this action that the building permit was not issued until December 13, 1971, in which case the grace period would not have expired until December 13, 1972. The building was razed in May, 1973.

Further, the plaintiffs fail to identify any respect in which they relied on the city's inaction or changed their position on the theory that the order had lapsed.

Moreover, the removal order of May 1, 1973, gave them clear notice that the city did not consider the razing order to be withdrawn, but rather considered it to be in effect and intended to enforce it.

On May 3, 1973, William Gehr was served with a copy of an order directing that he remove any personal property from the building within five days. The order stated that it was made "[p]ursuant to the razing order served

on July 17, 1970, relative to the razing of the [plaintiffs'] building. . . , and the agreement entered into between the owners of said building following the serving of such order . . . . ," and said that ". . . the City of Sheboygan at this time intends to exercise its right under said agreement to remove said building. . . ."

The Gehrs now argue that the removal order was improperly served on Mrs. Gehr. The manner of service of the removal order is not germane to the issues here, however. The removal order is relevant only as evidence that the Gehrs were on notice that the city intended to enforce the 1970 razing order. There is no suggestion that Mrs. Gehr did not have notice of the contents of the removal order.

Although the removal order referred to the 1970 razing order as having been served on July17, 1970, and further said that the city intended to remove the building, the Gehrs made no protest. Instead, they complied by removing their possessions from the building, and Mr. Gehr even telephoned the city building inspector to see if he might raze the building himself.

In view of (1) the absence of a written agreement that the order would be withdrawn; (2) the fact that the delay was apparently for the Gehrs' benefit; (3) the possibility that the grace period expired less than six months before the building was razed; and (4) the failure to protest the removal order; it cannot be maintained that the great weight and clear preponderance of the evidence is contrary to the trial court's implicit determination that the razing order had not lapsed.

The respondent asks that we affirm the decision of the trial court without opinion and assess double costs. This request is premised on the fact that the plaintiffs failed to print an appendix including a proper abridg-

ment of the testimony as required by sec. 251.34(5), Stats.

The abridgement should present a fair, accurate and complete statement of the testimony, and must contain not only the testimony favorable to the party preparing the abridgment, but also that tending to support the decision of the trial court. *Vonasek v. Hirsch & Stevens, Inc.*, 65 Wis.2d 1, 17, 221 N.W.2d 815 (1974). Where this rule is flagrantly disregarded or where there is no good faith attempt at compliance, this court may affirm without opinion or impose double costs. *Barth Brothers v. Billings*, 68 Wis.2d 80, 93, 227 N.W.2d 673 (1975).

The gravamen of the plaintiffs' omission, although not substantial in volume, was substantial to the extent that it omitted much of the testimony tending to support the decision of the trial court. Although the appendix submitted by the plaintiffs did not comply with the requirements of sec. 251.34(5), Stats., it is apparent we have declined to affirm without an opinion. Also because of the brevity of the omissions, we do not deem them to be sufficiently flagrant to require the imposition of double costs. Therefore in the exercise of our discretion, we opt not to impose double costs.

*By the Court.*—Judgment affirmed.