COURT OF APPEALS
DECISION
DATED AND FILED

June 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1003**

STATE OF WISCONSIN

Cir. Ct. No. **2018SC1690**

IN COURT OF APPEALS
DISTRICT II

PETER LONG AND PJL PROPERTIES, LLC,

   PLAINTIFFS-APPELLANTS,

 V.

RICK A. WEBER AND BRENDA J. WEBER,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Winnebago County: JOHN A. JORGENSEN, Judge. *Affirmed.*

¶1 NEUBAUER, C.J.[1] Peter Long and PJL Properties, LLC (collectively PJL) appeal from a judgment of the trial court awarding double

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version.

damages and attorney fees to Rick A. Weber and Brenda J. Weber in a landlord-tenant dispute. We conclude that the court properly determined that PJL wrongfully withheld portions of the Webers' security deposit and properly awarded attorney's fees based on PJL's violation. We affirm.

## BACKGROUND

¶2 The parties do not dispute the following basic facts.

¶3 The Webers rented a residential property from PJL pursuant to a lease agreement entered into in March 2017. In October 2018, an accidental cooking fire occurred at the Webers' rental property. After the Webers vacated the property following the fire, PJL filed a small claims complaint against the Webers seeking recovery of alleged unpaid rent and other damages. The Webers counterclaimed alleging, as is pertinent to this appeal, that PJL wrongfully withheld their security deposit and seeking damages, attorney fees, and costs as a result.

¶4 After PJL failed to appear at several court hearings related to its complaint, a court commissioner dismissed PJL's complaint and awarded judgment in favor of the Webers. The trial court subsequently overturned the dismissal and gave PJL another opportunity to prosecute its claims but, after another missed appearance by PJL, the court dismissed PJL's claims for failure to prosecute. The court did, however, allow PJL a trial to defend against the Webers' counterclaims.

¶5 The court held a bench trial and, after taking arguments from the parties, issued an oral ruling. The court made numerous findings, which it incorporated into its final decision and judgment.

2

¶6      The pertinent findings include the following:  a fire occurred at the Webers' rental property in October 2017; "the fire was unintentional" and rendered the property "untenantable pursuant to the lease agreement between the parties;" the Webers terminated their lease with PJL in accordance with their agreement; PJL "timely filed a security deposit statement" as required by the administrative code; PJL violated WIS. ADMIN. CODE § ATCP 134.06(3) (June 2018)[2] by failing to properly account for the $2000 security deposit the Webers

---

[2]  WISCONSIN ADMIN. CODE § ATCP 134.06(3) (June 2018) provides in pertinent part as follows:

(3) SECURITY DEPOSIT WITHHOLDING; RESTRICTIONS. (a) *Standard withholding provisions.* When a landlord returns a security deposit to a tenant after the tenant vacates the premises, the landlord may withhold from the full amount of the security deposit only amounts reasonably necessary to pay for any of the following:

1. Except as provided in par. (c), tenant damage, waste, or neglect of the premises.

2. Unpaid rent for which the tenant is legally responsible, subject to [WIS. STAT. §] 704.29.

3. Payment that the tenant owes under the rental agreement for utility service provided by the landlord but not included in the rent.

4. Payment that the tenant owes for direct utility service provided by a government-owned utility, to the extent that the landlord becomes liable for the tenant's nonpayment.

5. Unpaid monthly municipal permit fees assessed against the tenant by a local unit of government under [WIS. STAT. §] 66.0435 (3), to the extent that the landlord becomes liable for the tenant's nonpayment.

6. Any other payment for a reason provided in a nonstandard rental provision document described in par. (b).

(continued)

paid to PJL; PJL was not entitled to recover rent under the terms of the lease agreement for the months after the Webers vacated due to the property being untenantable; PJL was entitled to recover for re-keying the property and other damages caused by the tenants in the amount of $325, resulting in $1675 being improperly withheld from the security deposit; PJL violated the administrative code by failing to provide nonstandard rental provisions in a separate document, but the Webers did not suffer any damages as a result of this violation; the Webers are not due any recovery under WIS. ADMIN. CODE §§ ATCP 134.04 and 134.08; and the Webers are entitled to two times the amount of the security deposit improperly withheld and to costs and actual attorney fees pursuant to WIS. STAT. §§ 100.18(11)(b)2. and 100.20(5).

¶7     Based on its findings, the trial court awarded the Webers a judgment of $11,432.55 against PJL. PJL appeals. We include additional facts as necessary below.

---

(b) *Nonstandard rental provisions.* Except as provided in par. (c), a rental agreement may include one or more nonstandard rental provisions that authorize the landlord to withhold amounts from the tenant's security deposit for reasons not specified in par. (a) 1. to 5. Any such nonstandard rental provisions shall be provided to the tenant in a separate written document entitled "NONSTANDARD RENTAL PROVISIONS." The landlord shall specifically identify each nonstandard rental provision with the tenant before the tenant enters into a rental agreement with the landlord. If the tenant signs his or her name, or writes his or her initials, by a nonstandard rental provision, it is rebuttably presumed that the landlord has specifically identified the nonstandard rental provision with the tenant and that the tenant has agreed to it.

Note: The separate written document under par. (b) may be pre-printed.

## DISCUSSION

*The Trial Court Did Not Err in Concluding That the Lease Agreement Gave the Webers the Option to Terminate the Agreement and Vacate the Property After the Fire*

¶8      PJL first argues that the trial court erred in concluding that the Webers did not have the option to terminate their lease as a result of the fire. The Webers elected to terminate their tenancy in accordance with Section 15 of their lease agreement, which states as follows:

> **Damage by Casualty:** If the Premises is damaged by fire or other casualty to a degree which renders them un-tenantable, Tenant may terminate this Agreement or vacate the Premises and rent shall abate until the Premises is restored to a condition comparable to the prior condition.

The trial court made a finding that the property was untenantable, which neither party disputed. The court also made findings that Section 15 applied to this situation and that the Webers were justified in terminating their tenancy under these circumstances. The court never made any findings that the Webers themselves were negligent in any manner with respect to the fire and characterized the fire as causing chaos and being of no benefit to the Webers.

¶9      PJL seems to argue on appeal that the Webers were not permitted to end their lease agreement before its expiration both because they negligently supervised their grandson, whose conduct accidentally caused the fire, and because WIS. STAT. § 704.07(4) precludes rent abatement and the ability to terminate a lease due to untenantability when the tenants negligently created the untenantability. We reject these arguments as forfeited because they were not developed in a clear manner before the trial court, instead being argued for the

5

first time on appeal. *See Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶¶10-11, 261 Wis. 2d 769, 661 N.W.2d 476.

¶10 In *Schonscheck*, we explained that the "fundamental" forfeiture inquiry is whether a legal argument or theory was raised before the trial court, as opposed to being raised for the first time on appeal in a way that would "blindside" the trial court. *Id.*, ¶¶10-11. That case and countless others have reaffirmed that the forfeiture rule focuses on whether particular arguments have been preserved, not on whether general issues were raised before the trial court. *See, e.g.*, *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995) (explaining that the forfeiture rule requires that, to preserve its arguments, a party must "make all of their arguments to the trial court").

¶11 In *State v. Ndina*, 2009 WI 21, 315 Wis. 2d 653, 761 N.W.2d 612, our supreme court summarized the reasons for applying the forfeiture rule, namely, that applying the forfeiture rule promotes efficient and fair litigation:

> The purpose of the "forfeiture" rule is to enable the circuit court to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal. The forfeiture rule also gives both parties and the circuit court notice of the issue and a fair opportunity to address the objection; encourages attorneys to diligently prepare for and conduct trials; and prevents attorneys from "sandbagging" opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.

*Id.*, ¶30 (footnotes omitted); *see also* *Rogers*, 196 Wis. 2d at 827 (the forfeiture rule "is based on a policy of judicial efficiency"). It follows that PJL's new appellate arguments have been forfeited by its failure to develop them before the trial court and appropriately so.

¶12    We see no reason to ignore this forfeiture, nor does PJL attempt to provide us with any even after the Webers point out the forfeited arguments in their briefing. We therefore conclude that the trial court did not err in holding that the Webers had the option to terminate the lease after the fire rendered the property untenantable.

*The Trial Court Did Not Err in Holding That the Webers Were Not Responsible for Rent or Related Expenses After They Vacated the Property*

¶13    PJL next argues that the trial court erred in its ruling that PJL wrongfully withheld unpaid rent, "free rent recapture,"[3] late fees, and utilities from the Webers' security deposit. To the extent that PJL again attempts to rely on WIS. STAT. § 704.07(4) in support of this argument, we note that it failed to advance this statutory argument in the trial court and, as such, has forfeited the argument on appeal.

¶14    To the extent that PJL is arguing that the trial court erroneously exercised its discretion in determining the amount that PJL improperly withheld, we also reject that argument because the trial court's findings were methodical, supported by the facts in evidence, and applied the appropriate legal standards. To summarize as best as possible, PJL argues that under the terms of the lease the Webers were liable for any rent deficiency if they abandoned the premises before expiration of the lease term. PJL asserts that it legally withheld the security deposit under WIS. ADMIN. CODE § ATCP 134.06(3) as unpaid rent for which the tenants were legally responsible.

---

[3] The lease agreement that PJL and the Webers entered into had an addendum providing for the first month of rent free, seemingly to encourage swift rental of the property.

¶15     The interpretation and application of a statute or code provision are questions of law subject to a de novo standard of review. ***Boelter v. Tschantz***, 2010 WI App 18, ¶6, 323 Wis. 2d 208, 779 N.W.2d 467 (2009). Similarly, "[c]onstruction of a written contract is normally a matter of law … but where words or terms are to be construed by extrinsic evidence, the question is one for the trier of fact." ***Central Auto Co. v. Reichert***, 87 Wis. 2d 9, 19, 273 N.W.2d 360 (Ct. App. 1978). When the trial court acts as the finder of fact, it is the ultimate arbiter of credibility and the trial court, not an appellate court, is charged with resolving conflicts in the testimony. *See* ***Gehr v. City of Sheboygan***, 81 Wis. 2d 117, 122, 260 N.W.2d 30 (1977). We will reverse a trial court's finding of fact only if it is clearly erroneous. WIS. STAT. § 805.17(2).

¶16     The trial court properly held that the "first month free" rent recovery deduction was not appropriate, and similarly held that PJL was not entitled to rent for November, December, and January (up to the date the property was rented to another tenant) because the Webers had vacated the untenantable property in accordance with Section 15 of the lease. The trial court found that utility bills occurring at the rental property were also not recoverable under similar principles. The trial court did, however, allow for PJL to make deductions for re-keying the property and for replacement of window handle cranks, skylight handle cranks, and a missing shelf.

¶17     In all, the trial court determined that $325 had been properly accounted for and that $1675 was improperly accounted for in violation of WIS. ADMIN. CODE § ATCP 134.06(3). This amount was doubled in accordance with WIS. STAT. §§ 100.18(11)(b)2. and 100.20(5). PJL does not explain to us why we should conclude that the trial court's considered findings were erroneous, nor does

8

PJL argue that the court applied the wrong statutory and code provisions or that the court misinterpreted the applicable law.

¶18    The trial court also awarded the Webers costs and actual attorney fees based on its conclusion that PJL wrongfully withheld the security deposit, the reasonableness of which was decided by the court after notice to PJL. PJL does not challenge the reasonableness of the attorney fee award on appeal.

*The Trial Court Did Not Err in Concluding That PJL's Nonstandard Rental Provisions Violated the Administrative Code*

¶19    PJL next asserts that the trial court erred in its conclusion that PJL violated the administrative code by failing to include nonstandard rental provisions in a separate written document. However, PJL concedes that the administrative code requires that nonstandard provisions be set forth in a separate document and that PJL's agreement with the Webers failed to comply with this requirement. We therefore conclude that the trial court did not err in this regard.

¶20    We further reject PJL's contention that the trial court erred because it awarded attorney fees and costs based on this violation. The only cause of action the court granted the Webers monetary recovery on was for their claims for improper deductions from their security deposit. The court did not order judgment based on violations of WIS. ADMIN. CODE §§ ATCP 134.04 and 134.08, and further found a lack of pecuniary damages relating to the failure to nonstandard rental provisions. The court did find that the Webers suffered the sum of $1675 in pecuniary losses for PJL's failure to properly account for the Weber's security deposit. This amount was properly doubled, and costs and reasonable attorney fees were also added in accordance with the Wisconsin Statutes. Thus, no proof of

a pecuniary loss for violation of the nonstandard rental provision section was required to award fees to the Webers.

## CONCLUSION

¶21    For the foregoing reasons, we conclude that the trial court properly concluded that PJL wrongfully withheld portions of the Webers' security deposit and, accordingly, properly awarded the Webers the return of the security deposit, double damages, and attorney fees.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.