**Larry R. JUNGMANN, Appellant,**

v.

**ST. REGIS PAPER COMPANY, a corporation, Appellee.**

**No. 81–2406.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1982.

Decided July 6, 1982.

topped from raising the statute of frauds in this breach of contract action.

St. Regis Paper Co. was interested in purchasing a small section of a tract of land in Eldridge, Iowa, owned by the Milwaukee Railroad. However, the railroad was not interested in selling a portion of its land. In October of 1978, Larry Jungmann purchased an option to buy the land.

On December 11, 1978, a meeting took place in a room at O'Hare Airport in Chicago. Jungmann, two attorneys representing Jungmann, St. Regis' manager of real estate, St. Regis' distribution manager, and the railroad's assistant vice-president for property management attended the meeting. The St. Regis' representatives and Jungmann negotiated a tentative agreement for the sale of the piece of land which St. Regis wished to acquire. Jungmann testified that at lunch following this meeting, St. Regis' manager of real estate said they "had a deal." The manager testified he agreed that the necessary documents should be drafted and said, "send me the documents unless I get back to you in a few days."

On January 25, 1979, St. Regis notified Jungmann that it did not intend to purchase the land because it had found another suitable tract.

Jungmann filed suit in federal district court alleging breach of contract. Prior to trial, the parties agreed to reserve the statute of frauds issue to the court. After consulting with counsel, the court decided to allow the jury to hear evidence relating to the alleged oral contract before the court ruled on the statute of frauds issue. The court asked the jury to determine if the parties entered into an oral contract for the sale of the property. The jury found for Jungmann. St. Regis then moved for a judgment notwithstanding the verdict on the grounds, among others, that the statute of frauds applied because Jungmann failed to establish the elements of promissory es-

William R. Stengel, Jr., of Coyle, Gilman & Stengel, Rock Island, Ill., Charles T. Traw, Iowa City, Iowa, for appellant.

Robert V. P. Waterman, Carol A. H. Freeman, Lane & Waterman, Davenport, Iowa, for appellee.

Before LAY, Chief Judge, FAIRCHILD,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

This case essentially involves the sufficiency of the evidence to support the trial court's finding that defendant was not es-

---

* Thomas E. Fairchild, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

toppel. The court granted the motion, finding Jungmann failed to establish promissory estoppel because he did not prove a clear and definite oral agreement.

Jungmann appeals. We affirm the judgment of the district court.

■ The parties agree that the alleged contract was not embodied in any written instrument and therefore evidence of the contract is inadmissible under the Iowa statute of frauds, Iowa Code § 622.32 (1981), unless it falls within one of the exceptions to the statute. Plaintiff advanced no rationale for not applying the statute other than promissory estoppel.

■ The question of the applicability of the statute of frauds was reserved for the court. Thus evidence of oral contract was conditionally admitted subject to the court's later ruling on the statute of frauds issue. The court could have decided the statute of frauds question before allowing the case to go to the jury.[1] As discussed below, the jury did not decide the same question which the court had to decide. But even if the jury had decided the identical question, the statute of frauds question was reserved for the court and the court was entitled to make the necessary findings independent of the jury, giving the jury's finding advisory authority. Thus we cannot reverse the trial court's findings of fact unless they are clearly erroneous.

■ The Iowa Supreme Court, in *In re Estate of Graham*, 295 N.W.2d 414 (Iowa 1980), wrote:

The elements of promissory estoppel are (1) a clear and definite agreement, (2) proof that the party seeking to enforce the agreement reasonably relied upon it to his detriment, and (3) a finding that the equities support enforcement of the

agreement. *Merrifield v. Troutner*, 269 N.W.2d 136, 137 (Iowa 1978); *Johnson v. Pattison*, 185 N.W.2d 790, 795 (Iowa 1971); *Shell Oil Co. v. Kelinson*, 158 N.W.2d 724, 729 (Iowa 1968); see *Meylor v. Brown*, 281 N.W.2d 632, 635 (Iowa 1979).

*Id.* at 418.

■ The trial court found that there was no clear and definite agreement. Jungmann argues the court should have given more weight to the jury's finding that there was an agreement. But the court was not bound by this finding and, as the court correctly points out, the jury found a simple agreement by a preponderance of the evidence while an element of promissory estoppel is a "clear and definite agreement." The burden of proof was the same,[2] but a plaintiff must prove a more distinct and specific agreement to establish promissory estoppel.

■ The parties must intend to bind themselves by the oral agreement. *In re Estate of Graham*, 295 N.W.2d 414, 419 (Iowa 1980). In *Severson v. Elberon Elevator, Inc.*, 250 N.W.2d 417 (Iowa 1977), the Iowa Supreme Court articulated several factors which should be considered in determining whether parties intend to be bound by an oral agreement.

Factors to be considered in seeking to ascertain whether the parties intended to be bound prior to execution of a written document include whether the contract is of a class usually found to be in writing, whether it is of a type needing a formal writing for its full expression, whether it has few or many details, whether the amount is large or small, whether the contract is common or unusual, whether all details have been agreed upon or some remain unresolved, and whether the ne-

---

1. Jungmann does not challenge the court's submission of the case to the jury before ruling on the promissory estoppel issue. We note that district courts have broad discretion in the conduct of trials. *See Dobson v. Bacon Transport Co.*, 607 F.2d 805, 807 (8th Cir. 1979); 5 J. Moore, Moore's Federal Practice ¶ 39.12, at 45–46 (2d ed. 1982) (sequence of trial of legal and equitable issues).

2. Older Iowa cases suggest the judge could have tested the evidence of oral contract by a standard higher than that which he instructed the jury to use. This case law indicates that the existence of an oral agreement which allegedly fits into one of the exceptions to the statute of frauds must be demonstrated by clear and convincing evidence. *See Williams v. Chapman*, 242 Iowa 294, 46 N.W.2d 56, 63 (1951) (and cases cited therein).

gotiations show a writing was discussed or contemplated. *Emmons v. Ingebretson*, 279 F.Supp. 558, 572 (N.D.Ia.1968). *Id.* at 421.

■ Evidence revealed that the parties knew the statute of frauds applied to contracts for the sale of land. Jungmann is an attorney and experienced investor in real estate. The proposed sale was complex, involving an option holder, a developer, and a land owner. The parties stipulated that a variety of issues were discussed at the meeting ranging from price to what route an industrial railroad spur would take to reach the tract. Several questions, including the amount of the down payment, remained undecided. The price of the land was close to $250,000. All parties agree that they intended to embody the terms of any agreement in written documents. After examining these facts, we conclude that the trial court's finding that there was no clear and definite agreement was not clearly erroneous.[3]

We affirm the decision of the district court.

---

**3.** The court also concluded that Jungmann failed to prove that St. Regis' manager of real estate had authority to bind the company and that Jungmann *reasonably* relied on the oral agreement. Jungmann does not challenge the latter finding. Because we find no error in the court's primary finding of fact, we need not review these secondary findings.