Jill RUZICKA, Appellant,

v.

The CONDE NAST PUBLICATIONS, INC., Claudia Dreifus, Appellees.

No. 92–2641.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1993.

Decided Aug. 9, 1993.

Elliot Calvin Rothenberg, Minneapolis, MN, argued, for appellant.

Thomas W. Tinkham, Minneapolis, MN, argued (Thomas Tinkham and Leslie J. Anderson, on brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

LAY, Senior Circuit Judge.

This litigation arises from an alleged breach of promise by a writer, Claudia Dreifus, not to reveal the identity of the plaintiff, Jill Ruzicka, in an article published in Glamour Magazine relating to therapist-patient sexual abuse. The district court originally granted summary judgment in favor of Conde Nast Publications and Claudia Dreifus on Jill Ruzicka's breach of contract and other state law claims. We affirmed the issuance of summary judgment. *Ruzicka v. Conde Nast Publications, Inc.*, 939 F.2d 578 (8th Cir.1991).[1] However, we remanded to the district court to consider plaintiff's claim under promissory estoppel following the United States Supreme Court's remand to the Minnesota Supreme Court in *Cohen v. Cowles Media Co.*, — U.S. —, — —, 111 S.Ct. 2513, 2518–19, 115 L.Ed.2d 586 (1991).[2] On this court's remand to the district court, the trial judge held as a matter of law that although plaintiff demonstrated sufficient facts to show she reasonably relied to her detriment upon the defendant's promise to mask her identity, she nevertheless had not established a clear and definite promise to support a recovery on a promissory estoppel theory. Second, the district court held that because the promise was indefinite, the plaintiff had failed to show that enforcement was necessary to prevent an injustice. We reverse and remand for a plenary trial.

■ Under Minnesota law, to support a promissory estoppel theory the plaintiff must prove: (1) that the promise was clear and definite; (2) that the promisor intended to induce reliance on the part of the promisee and such reliance occurred to the promisee's detriment; and (3) the promise must be enforced to prevent injustice. *Cohen v. Cowles Media Co.*, 479 N.W.2d 387, 391 (Minn.1992) (*Cohen II*); Restatement (Second) of Contracts § 90(1) (1981).

1. The factual background of this case is fully set forth in the first opinion. We need only repeat certain facts relevant to the narrow issue before us.

2. For a full history of the *Cohen* case on remand, see *Cohen II*, 479 N.W.2d 387 (Minn.1992). The

■ Ruzicka contends that Dreifus promised that she would not be "identified or identifiable" in the article. Dreifus, however, claims that she vaguely promised only to do some masking. When reviewing a summary judgment order, we review the evidence of the alleged promise in the light most favorable to the non-moving party, giving that party the benefit of all inferences. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). For purposes of our review, we consider the promise to be that Ruzicka not be identified or identifiable.

The district court found that since Ruzicka's surname was changed to "Lundquist" in the published article, the promise that Ruzicka would not be identified was carried out. On this basis, the court distinguished *Cohen* since the plaintiff there was specifically named by the media defendants as the source of the information. The district court here held that the promise that Ruzicka would not be *identifiable* was too indefinite to be enforced.

The district court observed:

Without specifics regarding what information can and cannot be published, reporters and editors cannot know what information will make a source identifiable; only with the benefit of hindsight can it be determined what information made plaintiff identifiable to particular persons and what publication constituted a breach of the promise.

.... Defendants' task in this case was not to disguise plaintiff's identity enough to avoid a possible defamation suit, but to disguise her identity in a way that was consistent with the agreement that plaintiff would not be identifiable in the published article. As noted above, however, what facts would make plaintiff identifiable depended upon what facts about plaintiff the readers already knew.

United States Supreme Court held that the First Amendment does not bar a claim against the news media for promissory estoppel. *Cohen v. Cowles Media Co.*, — U.S. —, 111 S.Ct. 2513, 115 L.Ed.2d 586 (1991).

*Ruzicka v. Conde Nast Publications, Inc.,* 794 F.Supp. 303, 309 (D.Minn.1992).

In reaching this conclusion, the district court reasoned that the requirement that a promise be "clear and definite" is stricter than the standard applicable under a traditional contract theory, which requires a promise be of "reasonable certainty." Restatement (Second) of Contracts § 33 (1981); 8 Dunnell Minn. Digest Contracts § 1.02(a); *see also Jungmann v. St. Regis Paper Co.,* 682 F.2d 195, 197 (8th Cir.1982) (applying Iowa law).

■ We are of course bound to follow Minnesota law. We do not agree with the district court that Minnesota law requires a higher specificity of a promise under promissory estoppel than under contract law.[3] In applying Minnesota law of promissory estoppel, this court observed over 25 years ago that a promisor would be liable "if it can be shown that the promisor should reasonably have expected its promise to induce another's detrimental action." *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.,* 395 F.2d 388, 390 (8th Cir.1968). The Minnesota Supreme Court in *Cohen II,* 479 N.W.2d at 391–92, in discussing principles of promissory estoppel, cited Wisconsin law as it related to pleading issues (*Babler v. Roelli,* 39 Wis.2d 566, 159 N.W.2d 694, 697 (1968)) and the requirement relating to enforcing a promise to prevent an injustice. *Hoffman v. Red Owl Stores, Inc.,* 26 Wis.2d 683, 133 N.W.2d 267, 274–75 (1965). The *Hoffman* case also held that to be enforceable under promissory estoppel, a promise need not be as definite with respect to all details as promises forming conventional contracts. *Id.* The Wisconsin Supreme Court there held it "desirable that fluidity in the application of the concept be maintained." *Id.,* 133 N.W.2d at 275. In its initial discussion in *Cohen I,* 457 N.W.2d 199, 203 (Minn. 1990), the Minnesota Supreme Court observed that promissory estoppel is more flexible than a "conventional contract approach, with its strict rules of offer and acceptance." *Id.* at 203.[4] However, even assuming that promissory estoppel requires the terms of a promise to be more distinct and specific than that required to enforce an oral contract, a principle which we find doubtful under Minnesota law, we find the promise made by Dreifus was sufficiently specific and distinct to comply with such a standard.

The district court found the term "identifiable" to be vague. This ambiguity may have been caused by the district court bifurcating the simple promise not to identify Ruzicka into two separate agreements: (1) not to identify plaintiff and (2) not to make her identifiable.

We find that the oral promise here can reasonably be construed as singular in nature: Dreifus allegedly promised not to identify the plaintiff in a manner that would make her identifiable. When the promise was made not to identify plaintiff, the plain meaning of the promise was that Dreifus would mask the identity of the plaintiff in such a way that a reasonable reader could not identify Jill Ruzicka by factual description. Thus, the term *identifiable* made the term *identify* more specific in scope. These

---

3. Unless one considers the factual context in which the issue is presented, it is somewhat illusory to generally state that there is a difference between a promise that is clear and definite and one that is reasonably certain. In *Jungmann,* the court was concerned with what specifics were needed to bind the parties to an oral agreement entered into before execution of written document. *Jungmann v. St. Regis Paper Co.,* 682 F.2d 195 (8th Cir.1982). We repeated the discussion by the Iowa Supreme Court in *Severson v. Elberon Elevator, Inc.,* 250 N.W.2d 417, 421 (Iowa 1977):

    Factors to be considered in seeking to ascertain whether the parties intended to be bound prior to execution of a written document include whether the contract is of a class usually found to be in writing, whether it is of a type needing a formal writing for its full expression, whether it has few or many details, whether the amount is large or small, whether the contract is common or unusual, whether all details have been agreed upon or some remain unresolved, and whether the negotiations show a writing was discussed or contemplated.

    *Jungmann,* 682 F.2d at 197 (citation omitted).

4. This statement by the Minnesota court seems in accord with the Wisconsin Supreme Court's recognition in *Hoffman* that "sec. 90 of Restatement, 1 Contracts, does not impose the requirement that the promise giving rise to the cause of action must be so comprehensive in scope as to meet the requirements of an offer that would ripen into a contract if accepted by the promisee." 133 N.W.2d at 275.

are terms of common usage and understanding. Webster's Dictionary defines identifiable as "subject to identification; capable of being identified." Webster's Third New Int'l Dict. 1123 (1986). There is nothing vague or ambiguous about such a promise and there is no need to further define a term that is readily understandable by the reasonable person.

■ We find that the district court's concern of hindsight analysis does not make the promise illusory. Clearly, Ruzicka cannot base a breach of promise claim on facts she consensually disclosed and approved for publication. This is true as to those facts which she disclosed to Dreifus which might tend to make her identifiable to persons who had prior knowledge of those facts.[5] However, Ruzicka makes no claim in this regard.

Here, Ruzicka claims that the revealing identifiable elements of the Glamour article were a reference to her as "Jill Lundquist, a Minneapolis attorney" and a statement that she served on a state task force that helped write the 1985 law criminalizing therapist-patient sex. Ruzicka claims these facts were identifying because she was the only female law student or lawyer serving on the Minnesota Task Force Against Sexual Abuse. Ruzicka claims she did not reveal her participation on the task force to Dreifus, rather Dreifus discovered this fact through independent investigation. Ruzicka asserts that any reasonable recipient of the communication would be able to identify her.

The "existence and scope of promises are questions of fact." Samuel Williston, Williston on Contracts § 8:5, at 102 (Richard A. Lord ed. 4th ed. 1992). Because the elements of promissory estoppel are fact dependent, they necessarily involve fact-finding and require inquiry into the circumstances surrounding the making of the promise and the promisee's reliance. *Id.* at 84. Both the existence and the scope of the promise, as well as the promisee's reliance upon it will be subject to a fairly flexible standard of proof. *Id.* at 99. The narrow question we decide today is that these issues should not, at least on the record submitted, be decided summarily as a question of law.

In issues of identifications in defamation and libel contexts, the relationship of the story to the plaintiff as a matter of identity is a question for the jury to be determined from the story as a whole. *Pring v. Penthouse Int'l., Ltd.,* 695 F.2d 438, 439 (10th Cir.1982), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983).[6] The test is neither the intent of the author nor the apprehension of the plaintiff that the article might disclose the identity of the plaintiff, but rather the reasonable understanding of the recipient of the communication. *See* Prosser and Keeton on the Law of Torts § 111, at 783; *see also United Medical Laboratories, Inc. v. Columbia Broadcasting Sys., Inc.,* 404 F.2d 706, 708 (9th Cir.1968), *cert. denied,* 394 U.S. 921, 89 S.Ct. 1197, 22 L.Ed.2d 454 (1969); *Middlebrooks v. Curtis Publishing Co.,* 413 F.2d 141, 143 (4th Cir. 1969) (same standard for works labeled "fiction").

Our determination that the district court erred in holding the promise indefinite as a matter of law necessarily requires that we set aside the district court's determination

---

5. During the interview, Ruzicka gave Dreifus details regarding incest committed by her father when she was a child, and sexual exploitation by her therapist. She told Dreifus she had sued the therapist, obtained a settlement and had gone to law school. Some time following the interview, Dreifus called Ruzicka and read her a draft of the article. Ruzicka claims the draft did not attribute the story to any person by name and that she was described as a "midwestern" attorney. She claims the draft did not mention her service on the Minnesota Task Force that drafted legislation criminalizing therapist abuse. Ruzicka approved the draft.

6. The plaintiff need not be cited by name for the defamation to be "of and concerning the plaintiff." *New York Times Co. v. Sullivan,* 376 U.S. 254, 288, 84 S.Ct. 710, 730, 11 L.Ed.2d 686 (1964); *Stevens v. Tillman,* 855 F.2d 394, 397 (7th Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1339, 103 L.Ed.2d 809 (1989); *Cranberg v. Consumers Union of United States, Inc.,* 756 F.2d 382, 389 (5th Cir.), *cert. denied,* 474 U.S. 850, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). If there is no explicitly literal reference, the plaintiff must sustain the burden of pleading and proof, by way of "colloquium" that the defamatory statement refers to him or her. *See* W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 111, at 783 (5th ed. 1984).

that failure to enforce the promise would not result in an injustice. This third element of promissory estoppel is a question of law. *Cohen II*, 479 N.W.2d at 391.

We find Justice Simonett's reasoning in *Cohen II* instructive:

> It is perhaps worth noting that the test is not whether the promise should be enforced to do justice, but whether enforcement is required to prevent an injustice. As has been observed elsewhere, it is easier to recognize an unjust result than a just one, particularly in a morally ambiguous situation.

479 N.W.2d at 391 (citation omitted).

■ Here, Ruzicka agreed to the interview only upon the assurance that she would not be identified. She had revealed to Dreifus matters of utmost privacy relating to familial incest which had never before been revealed. Ruzicka approved an early draft of the article, but what was ultimately published revealed several identifying facts that Ruzicka had not provided to Dreifus. Moreover, enforcement of the promise would not be unjust to the media defendant. Where the press feels disclosure of identity of a confidential source is valuable to the story and thus disregards its promise, the payment of compensatory damages is, as the United States Supreme Court has stated, simply "a cost of acquiring newsworthy material to be published at a profit...." *Cohen v. Cowles Media Co.,* — U.S. —, —, 111 S.Ct. 2513, 2519, 115 L.Ed.2d 586 (1991). We conclude, as the Minnesota court did in *Cohen II,* "absent the showing of any compelling need in this case to break that promise, we conclude that the resultant harm to [Ruzicka] requires a remedy here to avoid an injustice." *Cohen II*, 479 N.W.2d at 392.

Judgment vacated.