**FIREMEN'S FUND INSURANCE COMPANY, Appellee,**

**The Fidelity and Casualty Company, of New York, Plaintiff,**

v.

**Michael THIEN; M. Ellen Bigge, Defendant ad litem for Matthew T. Davis, Deceased, Defendants,**

**Kenneth D. Benedict; Hallowgene Benedict; Chad Benedict, Appellants.**

**No. 93–1815.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Nov. 8, 1993.

---

**13.** Hohn was charged in Count I with a violation of 21 U.S.C. § 845a; however, this statute has been transferred to 21 U.S.C. § 860.

Robert G. Fisher, Independence, MO, argued (H. William McIntosh and Ronald J. Stites, on the brief), for appellants.

Phillip C. Rouse, Kansas City, MO, argued (John W. Cowden and Peter F. Travis, on the brief), for appellee.

Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and HANSEN, Circuit Judge.

MAGILL, Circuit Judge.

In this insurance coverage declaratory action concerning a "fellow employee" exclusion, Kenneth D. Benedict, Hallowgene Benedict, and Chad Benedict (the Benedicts) appeal a grant of summary judgment to Firemen's Fund Insurance Company (Firemen's Fund). The Benedicts contend the district court improperly granted Firemen's Fund summary judgment because there remained in dispute at least one issue of material fact. We agree with the Benedicts, and we reverse and remand to the district court for trial.

## I. BACKGROUND

This federal declaratory judgment action was filed by Firemen's Fund,[1] the liability insurer for Mid–Plains Corporation (Mid–Plains), seeking a declaratory judgment to the effect that the defendants, Michael Thien (Thien) and M. Ellen Bigge (Bigge),[2] were not covered under the company's insurance policy for any damages caused to Charles Benedict (Charles). The Benedicts, the parents and son of decedent Charles, then intervened as defendants in this action.[3]

Charles became associated with Mid–Plains first as an independent contractor and later as an employee. Charles, who had reported directly to operations director Thien, ran errands and did "odd" jobs for Mid–Plains. Matthew Davis (Davis) and Charles both died in a plane crash on September 11, 1989, while traveling from Kansas City, Missouri, to Springdale, Arkansas. Charles was the only passenger in the small plane piloted by Davis and owned by Mid–Plains as part of its courier service.

The insurance policy issued by Firemen's Fund to Mid–Plains included coverage for property damage and injury to passengers. However, the policy listed under exclusions a "fellow employee" exclusion. The "fellow employee" exclusion stated:

> This policy does not apply under part I:
>
> . . . .
>
> (b) to bodily injury to any fellow employee of the **Insured** injured in the course of his employment if such injury arises out of the use of the aircraft in the business of his employer, but this exclusion does not apply to the **Named**

---

1. The district court also granted summary judgment to Firemen's Fund's co-plaintiff, The Fidelity and Casualty Company of New York. That judgment is not the subject of this appeal.

2. Thien and Bigge are not parties to this appeal. Thien was Mid–Plains' director of operations. Bigge is the current guardian ad litem for Matthew Davis, a deceased former Mid–Plains employee.

3. The Benedicts commenced a wrongful death action in Missouri state court after Charles's death. The state court action was brought against Mid–Plains, Thien, and Bigge.

**Insured** with respect to any injury sustained by any such fellow employee.

(emphasis added).[4]

The "fellow employee" exclusion bars liability coverage for damages caused to Charles if he was an employee of Mid–Plains on September 11, 1989, *and* Charles was on the plane acting in the scope of his employment. Contradictory summary judgment evidence was offered to the district court on both issues. Ultimately, the district court found that Firemen's Fund established a prima facie showing sufficient to support summary judgment. The district court found, however, that the Benedicts failed to bear their burden of responding with admissible contradictory evidence. Hence, the district court granted Firemen's Fund's motion for summary judgment.

## II. DISCUSSION

A grant of summary judgment is reviewed de novo. *Rafos v. Outboard Marine Corp.*, 1 F.3d 707, 708 (8th Cir.1993). We examine the record to determine whether it shows there is no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Id.* Here, the two material issues of fact are well defined: whether on September 11, 1989, Charles was a Mid–Plains employee, and, if so, whether Charles was acting within the scope of his employment at the time of his death.

The moving party, Firemen's Fund, bears the initial burden of proving that summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A district court, in deciding whether the moving party has established its prima facie showing in support of summary judgment, must determine which party bears the ultimate burden of persuasion at trial. *Id.*, at 331, 106 S.Ct. at 2556 (Brennan, J., dissenting).[5] A moving party bearing the burden of persuasion at trial must support its motion with evidence that would entitle it to a directed verdict if not controverted at trial. *Id.* Here, the moving party, Firemen's Fund, bears the burden of persuasion at trial to prove both material issues of fact. *See Schwartz & Assocs. v. Continental Casualty Co.*, 705 S.W.2d 494, 498 (Mo.Ct.App.1986) (holding that an insurance company defending on the ground of noncoverage and relying upon a policy exclusion has the burden of proving facts that make the exclusion applicable).

If the moving party successfully establishes a prima facie case, the burden then shifts to the nonmoving party to show that there is a genuine issue of fact for trial. *Augustine v. GAF Corp.*, 971 F.2d 129, 132 (8th Cir. 1992). The district court must then examine the evidence in the light most favorable to the nonmoving party, giving that party the benefit of every inference and resolving all factual disputes against the moving party. *Ruzicka v. Conde Nast Publications, Inc.*, 999 F.2d 1319, 1320 (8th Cir.1993).

■ The district court must base its determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial. *Financial Timing Publications v. Compugraphic Corp.*, 893 F.2d 936, 942 & n. 6 (8th Cir.1990); *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir.1990). Inadmissible hearsay evidence alone may not defeat a summary judgment motion. *See Financial Timing Publications*, 893 F.2d at 942 n. 6. The district court here was offered profuse amounts of inadmissible material not properly available to defeat or support the motion.

■ Nonetheless, the Benedicts need only offer sufficient evidence of a dispute on one of the material issues of fact in order to defeat the motion for summary judgment. The Benedicts provided the court with admissible impeachment and substantive evi-

4. Under the terms of the policy, Thien and Bigge are the "Insured" and Mid–Plains is the "Named Insured." If the terms of the policy do not bar coverage, Firemen's Fund is obligated to indemnify Thien and Bigge for damages caused to Charles should the Benedicts successfully prove such damages in the state court action.

5. Justice Brennan agreed with the standards adopted by the majority but disagreed with the result reached by the majority.

dence on the second issue of material fact, sufficient evidence to raise a dispute.[6] That is, the Benedicts offered evidence that conflicted with Firemen's Fund's evidence as to whether Charles was on the plane acting in the scope of his employment. Thus, the district court erred when it granted Firemen's Fund's motion for summary judgment, because at least one material issue of fact was in dispute.

Firemen's Fund, in support of its motion, offered the deposition testimony of two individuals to prove that Charles was on the plane in the scope of his employment at Mid-Plains. It offered the testimony of Thien, Charles's supervisor, that Charles was going on the plane to clean the company apartment and to winterize the company car in Springdale. Firemen's Fund also offered the testimony of Martina Benedict (Martina).[7] Martina testified in her deposition that Charles told her he was going to Springdale to do work for the company.

### A. Impeachment Evidence

■ The Benedicts offered the district court evidence admissible for the sole purpose of impeaching Thien's testimony regarding Charles's purpose on the plane. Darwin Mark Ulledahl (Ulledahl) testified he spoke to Thien after the crash and that Thien said Charles was on the plane "[f]or experience, flight time experience." [8] Appellant's App. at 529. Ulledahl further testified Thien told him on the night of September 11, 1989, in a telephone conversation, that Charles was on the plane "on his own behalf." *Id.* This testimony, although inadmissible in order to prove why Charles was on the plane, is admissible as impeachment evidence pursuant to Federal Rule of Evidence 613(b).[9] *See*

6. A large amount of evidence was offered by the Benedicts on the first issue: whether Charles was an employee. Because it is not necessary to our decision, we do not decide whether the Benedicts offered sufficient evidence to create a factual dispute on the first issue.

7. Martina Benedict is Charles's widow. She is not a party to this lawsuit.

8. Charles was working toward his pilot's license.

9. Rule 613 states, in pertinent part:
    (b) Extrinsic evidence of prior inconsistent statement of witness.—Extrinsic evidence of a

*Owen v. Patton,* 925 F.2d 1111, 1113 n. 1 (8th Cir.1991); *United States v. Rogers,* 549 F.2d 490, 497–98 (8th Cir.1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 229 (1977).

■ The Benedicts also offered the deposition testimony of Patrick Benedict, Charles's cousin. Patrick testified Thien told him the week after Charles's death that Charles was on the plane to go "to Arkansas to stay at the apartment for three or four days in a vacation status." Appellant's App. at 508. This testimony is likewise admissible, not as substantive evidence to prove why Charles was on the plane, but as impeachment evidence pursuant to Rule 613(b). *Id.*

■ When hearsay testimony is admissible pursuant to Rule 613(b), that testimony may not be considered as substantive evidence.[10] *Rogers,* 549 F.2d at 497–98. Here, both Ulledahl and Patrick's statements are hearsay if offered for their truth. A material issue of fact, in this case, is whether Charles was acting on the plane in the scope of his employment. Thus, evidence offered by the Benedicts to prove otherwise is offered for its truth and is inadmissible pursuant to the rule against hearsay. *See* Fed.R.Evid. 802.

■ However, Rule 613(b) allows the admission of prior inconsistent statements of a witness under limited circumstances. *See Rogers,* 549 F.2d at 495–98. In those circumstances, the statement is not admitted for its truth, but rather for the limited purpose of impeaching the witness. *Id.* at 495. Such a statement may not be admitted as substantive evidence: the inconsistent statement only serves to raise doubts regarding the truthfulness of *both* statements of the

prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a partyopponent as defined in rule 801(d)(2).

10. If a hearsay exception applies, the statement may be admitted as substantive evidence. *See* Fed.R.Evid. 801, 803.

witness. *See id.* at 496. Four requirements must be satisfied before admission at trial of an inconsistent statement allegedly made by a witness. *Id.* The statement must actually be inconsistent, but there is no requirement that the two statements be diametrically opposite. *Id.* The statement must not be relevant to a collateral issue; that is, the statement must pertain to a matter of sufficient relevancy. *Id.* at 496–97. The explicit requirements of Rule 613(b), notice and an opportunity to explain or deny, must be met. *Id.* at 497. And, finally, the jury must be instructed that the evidence was admissible only to impeach the witness and not as evidence of a material fact. *Id.*

■ Both Ulledahl and Patrick's statements are prior statements allegedly made by Thien which are inconsistent with his current testimony that Charles was on the plane to winterize the company car and clean the apartment. As prior inconsistent statements on a material issue of fact, these statements could have been considered by the court to raise doubts about Thien's statement in his deposition testimony. Thus, if Thien's evidence regarding the reason for Charles's presence on the plane was the only evidence on this issue of fact, putting this evidence in question through impeachment could defeat a motion for summary judgment when the moving party has the burden of persuasion. *See Playboy Enters. v. Public Serv. Comm'n of Puerto Rico,* 906 F.2d 25, 40 (1st Cir.), *cert. denied,* 498 U.S. 959, 111 S.Ct. 388, 112 L.Ed.2d 399 (1990); *Lundeen v. Cordner,* 354 F.2d 401, 409 (8th Cir.1966).

In this case, Firemen's Fund had further evidence on the second issue of material fact: Martina's deposition testimony regarding Charles's alleged statements to her the day before and the day of his death. Therefore, without substantive controverting evidence or evidence to impeach Martina, Martina's testimony would be undisputed. But, the Benedicts also offered substantive evidence regarding the reason Charles was on the plane.

## B. Substantive Evidence

The Benedicts offered hearsay statements allegedly made by Charles regarding the purpose for his September 11, 1989 plane trip. The district court erred when it failed to consider these statements as evidence that raised a material issue of factual dispute because at least two of these hearsay statements were admissible as substantive evidence pursuant to Federal Rule of Evidence 803(3).[11]

■ Firemen's Fund offered the testimony of Martina regarding Charles's hearsay statements to her. The district court properly considered these statements admissible pursuant to Rule 803(3). Martina testified that on the evening of September 10, 1989, Charles told her he would be working the next day. Appellant's App. at 177. Martina further testified that early on the morning of Charles's death, he told her that he was going to Springdale to deliver some things. *Id.* at 176, 177. Although it was hearsay, the court admitted this testimony because these statements were admissible under an exception to the hearsay rule as evidence of Charles's then existing state of mind. *See* Fed.R.Evid. 803(3). "A declarant's out-of-court statement of intention is admissible to prove that the declarant subsequently acted in conformity with that intention, if the doing of that act is a disputed material fact." *United States v. Calvert,* 523 F.2d 895, 910 (8th Cir.1975) (citing *Mutual Life Ins. Co. v. Hillmon,* 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892), and Fed.R.Evid. 803(3)), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *see also Great Am. Indem. Co. v. McCaskill,* 240 F.2d 80, 82 (5th Cir.1957) (finding that declarations of a decedent prior

---

11. Rule 803 states, in pertinent part:
   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
   . . . .
   (3) Then existing mental, emotional, or physical condition.—A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

to his death regarding the purpose of his trip are the best evidence of his state of mind).

■ After properly considering Martina's deposition testimony for purposes of supporting Firemen's Fund's motion, the district court then refused to consider two substantially similar hearsay statements offered by the Benedicts. Mid–Plains' pilot, George Nelms (Nelms), testified in his deposition that just before the flight Charles said he was going on the flight to log flight time. Appellant's App. at 510. Charles's cousin, Patrick, likewise testified that Charles told him the week before he died that he was going to Arkansas on vacation. *Id.* at 500. The district court erred when it refused to consider these statements.

Hence, just as Martina's statements regarding Charles's intention to go to Arkansas to deliver things were admissible pursuant to Rule 803(3), the court should also have considered Patrick and Nelms' statements. All three deponents' hearsay statements were offered to prove Charles's present intention to do something in the future, and are admissible pursuant to the hearsay exception in Rule 803(3).

Because there was at least one issue of disputed fact, we find that the district court erred when it granted Firemen's Fund's motion, and we remand this case to the district court for trial.

### III. CONCLUSION

Accordingly, for the reasons explained above, we reverse and remand this case to the district court for trial.