**William KARRAS; Lisa Karras, Plaintiffs–Appellants,**

v.

**Dion KARRAS; Donald G. Karras; Norst Forsberg; Lila M. Forsberg; Defendants,**

**United States of America, acting through the Internal Revenue Service; Defendant–Appellee,**

**State of South Dakota; South Dakota Department of Revenue; Christos Karras, also known as Chris Karras, also known as Chris D. Karras; A.G. Edwards and Sons, Inc., Defendants.**

No. 93–1738.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 28, 1994.

Decided Feb. 7, 1994.

---

Counsel who represented appellant were Steven M. Johnson and Kevin L. Reiner of Yankton, SD.

Counsel who presented argument on behalf of the appellee were Gary Allen, Ann Durney and David Shuster, DOJ, Washington, DC.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

William and Lisa Karras appeal from the district court's[1] order granting summary judgment against them. We affirm.

In July 1985, Chris Karras deeded five parcels of property to his wife, Dion. In March 1987, Dion executed a mortgage on part of the property to her children—William, Lisa, and Donald Karras. The next month, she deeded all five parcels to Donald. In June 1987, Chris filed for bankruptcy. In December 1991, William and Lisa attempted to foreclose their mortgage. They sued, among others, the United States acting through the IRS—which had previously filed against Chris notice of tax liens for the years 1979, and 1982–84. The United States removed the case to federal court and sought to foreclose its tax liens, arguing that the intrafamily transfers were fraudulent conveyances under state law. The district court granted the United States' motion for summary judgment and denied appellants' motion for summary judgment.

Initially, we reject appellants' argument that the fraudulent-conveyance claim was time-barred under state law. *See United States v. Wurdemann,* 663 F.2d 50, 51 (8th Cir.1981) (per curiam) (government not bound by state statutes of limitation in en-

---

1. The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota.

forcing its rights). Appellants also argue that the district court improperly granted summary judgment. We review a district court's order granting summary judgment de novo, *Augustine v. GAF Corp.,* 971 F.2d 129, 131 (8th Cir.1992), and we also review de novo questions of state law, *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ We agree with the district court that the applicable law was South Dakota's former Uniform Fraudulent Conveyances Act, S.D.Codified Laws, § 54–8–10 (1980 Rev.), which was in effect at the time of the transfers at issue. *See* 1987 S.D.Laws 365, §§ 12–13; S.D.Codified Laws § 2–14–16 (1992 Rev.); S.D.Codified Laws § 2–14–21 (1992 Rev.); S.D.Codified Laws § 2–16–13 (1992 Rev.). Under the Act, every conveyance made by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to actual intent if the conveyance is made without fair consideration. The record before the district court contained no response by appellants to the United States' request for an admission—served four months before the court granted summary judgment—that Chris was insolvent after the 1985 conveyance. *See* Fed. R.Civ.P. 36(b); *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir.1987) (default admissions under Rule 36 can serve as factual predicate for summary judgment); *Luick v. Graybar Elec. Co.,* 473 F.2d 1360, 1362 (8th Cir.1973) (summary judgment may be based on admitted matter).[2]

■ The record also contained default admissions that Chris did not receive reasonably equivalent value for the conveyance, that Dion did not assume the mortgages on the properties in her own name, and that Chris continued to make mortgage payments. Thus, the record before the court established that Dion did not give fair consideration for the conveyance. *See Buhl v. McDowell,* 51 S.D. 603, 216 N.W. 346, 347 (1927); S.D.Codified Laws § 54–8–8 (1980 Rev.). Dion's deposition testimony and affidavit attesting that she assumed mortgage liabilities with the

1985 conveyance do not help appellants. *See Kasuboski,* 834 F.2d at 1350 ("[a]ffidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions"). Moreover, as the district court observed, appellants failed to produce any supporting records despite the United States' repeated discovery requests. We agree with the court that Chris's 1985 conveyance was a fraudulent conveyance against the United States and that Dion thus had nothing to mortgage or convey to her children. Accordingly, the court properly granted summary judgment for the United States. *See Augustine,* 971 F.2d at 131–32 (summary judgment is appropriate if there is no genuine issue as to any material fact and moving party is entitled to judgment as a matter of law).

■ We do not have jurisdiction to review appellants' argument that the court erred in failing to grant them relief under Federal Rule of Civil Procedure 60(b), because they did not file a notice of appeal from the district court's order denying that relief. *Cf. Brode v. Cohn,* 966 F.2d 1237, 1240 (8th Cir.1992).

Accordingly, we affirm the judgment of the district court.

---

**2.** In addition, a financial statement Chris prepared two weeks before the conveyance to Dion shows that he was insolvent after the convey- ance. *See* S.D.Codified Laws Ann. § 54–8–6 (1980 Rev.).