_____

No. 95-3198MN
_____

Jill Ruzicka,                          *
                                       *
          Appellee,                    *
                                       *  On Appeal from the United
     v.                                *  States District Court
                                       *  for the District of
                                       *  Minnesota.
Elliot Rothenberg,                     *
                                       *
          Appellant.                   *


                         _____

               Submitted:  May 13, 1996

                   Filed:  May 21, 1996
                         _____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL and MURPHY, Circuit Judges.
                         _____

RICHARD S. ARNOLD, Chief Judge.


     This is a dispute between a lawyer and his client over the proper
amount of a fee.  The underlying case was an action based on promissory
estoppel.  After two separate appeals to this Court, in both of which the
client prevailed, the case was remanded for trial by jury.  See Ruzicka v.
Conde Nast Publications, Inc., 939 F.2d 578 (8th Cir. 1991); Ruzicka v.
Conde Nast Publications, Inc., 999 F.2d 1319 (8th Cir. 1993).  On remand,
the case was settled for $250,000.00, but only after the client had fired
her lawyer.


     The lawyer then asserted an attorney's lien under state law, Minn.
Stat. § 481.13, against the settlement.  After appropriate

proceedings in the District Court, that Court found that the lawyer was entitled to a fee of $80,000.00. The lawyer appeals, contending that his fee should have been much larger, in fact, in excess of the entire settlement amount, and that his lien should therefore have the effect of requiring the transfer to him of the entire $250,000.00 received by his client in settlement.

The attorney-client relationship was originally begun by a written contract, providing for a contingent fee of one-third of the recovery if the case was settled before trial. When the client discharged the lawyer, however, the contract was terminated, and both sides now agree that the lawyer's entitlement to a fee must be determined on a quantum meruit basis. That is, what was the fair market value of the lawyer's services?

In reaching its determination on this issue, the District Court, in a careful opinion by Magistrate Judge Jonathan Lebedoff, approved by United States District Judge David Doty, adequately considered the relevant factors, including the amount of time put in, the skill of the lawyer, the difficulty of the case, and the reasonable value of the client's claim at the time she fired the lawyer. Having weighed these factors, the District Court found that an appropriate fee was $80,000.00. The lawyer claims that the case was settled for an unreasonably low figure after he was discharged, but the Magistrate Judge's opinion adequately addresses this issue by discussing, among other things, the doubtful value of the claim at the time the lawyer was let go.

We see no error of law here. The District Court properly considered the factors relevant under state law to determining the reasonable value of the lawyer's services. The case was a difficult one, and the services were highly skilled. On the other hand, the value of the claim was questionable up until the time of settlement. We believe the District Court's findings and conclusions are well within permissible limits. The judgment is

affirmed, substantially for the reasons given by Judge Lebedoff.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.