# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2540

_____

| | | |
|---|---|---|
| Steven T. Kattke, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| The Independent Order of Foresters, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 11, 2002

Filed: February 27, 2002

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After Steven T. Kattke received notice from Prudential Insurance that his senior executive position would be eliminated, Kattke approached a headhunter to help him find another job. The headhunter facilitated a meeting between Kattke and Steve Stone, the vice president of sales of the Independent Order of Foresters (IOF). During negotiations, Kattke told Stone that his salary requirement was $300,000-350,000 and Stone sought to assemble a sales territory that would support this salary. Stone told Kattke that he wanted Kattke to be a regional vice president (RVP) for IOF, but no formal agreement was in place and no formal agreement was expected for several months. Stone stated that the salary for the finalized RVP position would be

around $330,000. Because Stone did not want Kattke to accept another job, Stone offered Kattke a temporary position as director of emerging markets at a salary of $150,000. Kattke accepted the temporary position and began work. Soon after, Kattke received and signed a formal offer letter, describing a six-month limited position as director of emerging markets. Several months passed. Kattke interviewed for the RVP position, believing he was already slated for it. Stone then told Kattke that he did not do well in the interview and would not be moving forward in the RVP assessment process. IOF informed Kattke it would not renew his temporary position after the initial six months. After a brief search, Kattke accepted a position with Met Life Financial Services as managing director of California at a salary of $280,000.

Kattke sued IOF, claiming promissory estoppel and false inducement to enter employment under Minnesota Statutes §§ 181.64-65 (1998). Sitting in diversity and applying Minnesota law, the district court[*] granted IOF's motion for summary judgment. Kattke now appeals. Having reviewed the record and the district court's determinations of state law de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to Kattke, we conclude the district court correctly granted summary judgment to IOF. See Boerner v. Brown & Williamson Tobacco Corp., 260 F.3d 837, 841 (8th Cir. 2001).

To succeed on his promissory estoppel claim, Kattke must show: (1) IOF made a clear and definite promise of employment to Kattke; (2) detrimental reliance; and (3) injustice. Fox v. T-H Cont'l Ltd. P'ship, 78 F.3d 409, 413 (8th Cir. 1996) (applying Minnesota law). Kattke failed to show that IOF clearly and definitely promised him the RVP position. Although the record indicates IOF wanted Kattke for the RVP slot and Kattke and Stone discussed the potential position, the record is clear that no formal offer for the RVP position was made. Without a definite promise,

_____

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the law will not impose the burdensome obligation of employment on an employer. Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1209 (8th Cir. 1997). We reject Kattke's argument that the district court failed to apply Ruzicka v. Conde Nast Publ'ns, Inc., 999 F.2d 1319, 1321-22 (8th Cir. 1993). Ruzicka is distinguishable because the conflict between Ruzicka's claim of a clear promise and the Conde Nast's claim no clear promise was made raised a material question of fact not suitable for summary judgment disposition. Here, there is no conflict about whether IOF clearly promised Kattke the RVP position because Kattke himself does not claim that IOF clearly and definitely offered him the RVP position, merely that IOF intended to at some point in the future. Kattke also fails to show detrimental reliance on the alleged promise. Kattke did not turn down any other concrete job offers to accept the temporary IOF position. Removing oneself from an active job market is insufficient to show detrimental reliance. Friedman v. BRW, Inc., 40 F.3d 293, 297 (8th Cir. 1994). Finally, Kattke fails to show an unjust result. He accepted the only available concrete job offer with IOF. When the temporary job expired, Kattke was able to find a replacement position with Met Life at a substantially higher salary.

Kattke also fails to make a case under Minnesota Statutes § 181.64 for false inducement to enter employment. To satisfy the language of the statute, an employee must "change from one place to another." We agree with the district court that this language requires that Kattke physically move, not merely enter employment with another employer.

Accordingly, we affirm on the grounds stated in the district court's well-reasoned opinion. We also grant Kattke's motion to correct the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.